IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,447-01






EX PARTE JOSE ANTONIO CARDENAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2004CRN160-D1(A) IN THE 49TH JUDICIAL DISTRICT COURT


FROM WEBB COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to seventy-five years' imprisonment. The Fourth Court of Appeals dismissed his appeal
pursuant to Applicant's motion to dismiss the appeal. Cardenas v. State, No. 04-09-00492-CR (Tex.
App. - San Antonio, March 31, 2010). 

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because appellate counsel induced Applicant to dismiss his appeal and forfeit his right to appellate
review by telling him that he would prepare and file a habeas application on Applicant's behalf. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from Applicant's appellate counsel responding to Applicant's claim of
ineffective assistance of counsel. Specifically, appellate counsel shall state why he advised
Applicant to dismiss his appeal, why he did not file a brief, and whether he advised Applicant that
he would prepare and file a habeas application on his behalf. If appellate counsel did tell Applicant
that he would file a habeas application on his behalf, he shall state why he did not do so. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate
case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant knowingly and voluntarily
signed the motion to dismiss his appeal. The trial court shall make findings as to whether Applicant
did so with the understanding that appellate counsel would prepare and file a habeas application on
his behalf. The trial court shall make findings as to whether appellate counsel's advice caused
Applicant to be deprived of his right to appellate review of his conviction. The trial court shall also
make findings as to whether the performance of appellate counsel was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 5, 2011

Do not publish